# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **DONALD SINO** | * | |
|    Plaintiff | * | **CASE NO.** |
| | * | |
| **VERSUS** | * | **JUDGE** |
| | * | |
| **DG LOUISIANA, LLC** | * | **MAGISTRATE JUDGE** |
| **and MEGAN DEFFES** | * | |
|    Defendants | * | **A JURY IS DEMANDED** |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * *

## NOTICE OF REMOVAL

TO:   The Honorable Judges
       of the United States District Court
       for the Eastern District of Louisiana

Defendant, **DG LOUISIANA, LLC** (hereinafter, "Defendant"), respectfully submits this Notice of Removal of the above-styled matter, and as cause therefore show as follows:

1.

On March 15, 2021, the attached Petition for Damages was filed in the Thirty-Fourth Judicial District Court for the Parish of St. Bernard, State of Louisiana, entitled *Donald Sino v. DG Louisiana, LLC & Megan Deffes,* bearing case number 21-0358.[1] Defendant, DG Louisiana, LLC, was served with the Petition on April 6, 2021.

2.

---

[1] See Petition for Damages, attached as Exhibit "A".

Plaintiff's Petition alleges personal injuries as a result of an incident on April 12, 2020 at the Dollar General store located at 4201 East Judge Perez Drive in Meraux, Louisiana 70075. Specifically, Plaintiff alleges that "[w]hile in search for item within the store, Mr. Sino was walking in the store, he slipped on liquid on the floor."[2]

3.

28 U.S.C. Section 1332 provides federal courts with original jurisdiction over all civil actions where the matter in controversy exceeds the value of $75,000, exclusive of interest and costs and between citizens of different states.[3] Pursuant to 28 U.S.C. Section 1446(b)(1), a notice of removal "shall be filed within 30 days after the receipt by defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based[.]"[4]

4.

While Plaintiff's Petition for Damages does not contain any information that would put Defendant on notice that the potential amount in controversy for this matter exceeds $75,000.00, exclusive of interest or costs, records show that prior to filing suit, Plaintiff submitted a demand letter to Defendant, DG Louisiana, LLC, seeking $200,000.[5] As such, this Notice of Removal is properly filed within 30 days of receipt of Plaintiff's Petition for Damages, which was filed on March 15, 2021 and served on Defendant on April 6, 2021.

5.

---

[2] *See* Exhibit "A", ¶ 3.
[3] 28 U.S.C. Section 1332(a)(1).
[4] 28 U.S.C. Section 1446(b)(1).
[5] See Exhibit "B," Plaintiff's February 21, 2021 Settlement Demand.

For purposes of determining whether this Court has original jurisdiction for this action under 28 U.S.C. §1332, this Court should ignore the citizenship of Megan Deffes because Megan Deffes was a non-diverse defendant fraudulently joined for the sole purpose of defeating diversity.

6.

Fraudulent joinder can be established in one of two ways: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.[6] Here, Plaintiff cannot establish a cause of action against Megan Deffes as an employee of DG Louisiana, LLC because Plaintiff has not alleged and cannot show Megan Deffes had a personal duty toward Plaintiff, the breach of which specifically caused his damages.

7.

The Louisiana Supreme Court sets forth four criteria necessary for a store manager to be found liable for an invitee's injury.[7] The fourth factor mandates that personal liability cannot be imposed on an employee who has a "general administrative responsibility for performance of some function of the employment."[8] Rather, the employee "must have a personal duty toward the injured plaintiff, breach of which specifically has caused the plaintiff's damages."[9]

8.

Plaintiff's Petition for Damages does not contain any specific allegations that Megan Deffes had a personal duty toward Plaintiff or that a the breach of that personal duty caused Plaintiff's damages. Rather, the Petition asserts identical allegations of negligence against Megan Deffes as were asserted against DG Louisiana, LLC.[10]

---

[6] *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003) (citing *Griggs v. State Farm Lloyds*, 18 F.3d 694, 698 (5th Cir. 1999)).
[7] *Canter v. Koehring*, 283 So.2d 716, 721 (La. 1973).
[8] *Id.* at 716; *See also Bertrand v. Fischer*, 2009 WL 5215988 at *5 (W.D. La. 2009).
[9] *Id.* at 721.
[10] *See* Exhibit "A", ¶ 5-7.

9.

The amount in controversy is met because Plaintiff submitted a pre-suit demand for $200,000.[11] The Fifth Circuit has "established a clear analytical framework for resolving disputes concerning the amount in controversy for actions removed from Louisiana state courts pursuant to § 1332(a)(1).[12] Since Louisiana law prohibits Plaintiff from setting forth a specific dollar amount of damages, Defendants must prove that the amount in controversy exceeds $75,000 by a preponderance of the evidence.[13] If, as in this particular case, it is not facially apparent that the claims are likely to exceed $75,000, "the district court can then require parties to submit summary judgment-type evidence, relevant to the amount in controversy at the time of removal."[14] Once the removing party makes this showing by a preponderance of the evidence, "**removal is deemed proper unless the plaintiffs show to a legal certainty that their recovery will not exceed the jurisdictional amount**."[15]

10.

On multiple occasions, this Court has found settlement demand letters to be relevant evidence supporting the "amount in controversy" requirement of 28 U.S.C. Section 1332(a).[16] Similarly, other federal courts in Louisiana have held such demands to be "valuable evidence" in determining the amount in controversy.[17]

---

[11] See Exhibit "B."
[12] *Creppel v. Fred's Stores of Tennessee, Inc.*, 2013 WL 3490927, at *2 (E.D. La. 2013), citing *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882 (5th Cir. 2000).
[13] *Id.*, citing *Manguno v. Prudential Prop. And Cas. Ins. Co.*, 276 F.3d 720 (5th Cir. 2002).
[14] *Id.*, citing *Manguno*, 276 F.3d at 723.
[15] *Id.*, citing *Fairchild v. State Farm Mut. Automobile Ins. Co.*, 907 F.Supp. 969, 970 (M.D. La. 1995) (emphasis supplied).
[16] See, e.g., *Creppel v. Fred's Stores of Tennessee, Inc.*, 2013 WL 3490927 (E.D. La. 7/10/2013), *Marullo v. Dollar General Corporation*, 2014 WL 3587879 (E.D. La. 7/21/2014); and *Sunshine Construction & Maintenance of Myrtle Beach, LLC v. Cannatelli Builders, Inc.*, 2017 WL 1628532 (E.D. La. 5/2/2017).
[17] *Fairchild v. State Farm Mut. Auto Ins. Co.*, 907 F. Supp. 969 (M.D. La. 1995), citing *Wilson v. Belin*, 20 F.3d 644, 651 n. 8 (5th Cir. 1994), *cert. denied*, 513 U.S. 930, 115 S.Ct. 322, 130 L.Ed. 2d 282 (1994); See also, *Carver v. Wal-Mart Stores, Inc.*, 2008 WL 2050987, at *2 (M.D. La. 5/13/2008).

11.

Here, there is no evidence to suggest Plaintiff's settlement demand regarding the value of her damages was inflated or was not an honest assessment of his damages.[18] In fact, Plaintiff's counsel sent a follow up demand letter, stating unequivocally that "[a]fter a thorough review of my client's file and several quantum studies, it has been determined that the initial settlement offer of $200,000.00 is reasonable based upon the facts of this accident."[19] Moreover, there is no evidence to suggest, let alone establish to a *legal certainty*, that the amount in controversy is really for less than the jurisdictional amount.

12.

Accordingly, this Court has original jurisdiction of this action under 28 U.S.C. § 1332, and this action is, therefore, removable to this court on the basis that:

    A.    The properly joined parties to this action are completely diverse:

        1.    Plaintiff, Donald Sino, is a person of full age of majority and a domiciliary of the Parish of St. Bernard, State of Louisiana; and

        2.    DG Louisiana, LLC, is a single member limited liability company whose sole member is Dolgencorp, LLC, whose sole member is Dollar General Corporation, which is incorporated and has its principal place of business in Tennessee.

    B.    The amount in controversy herein exceeds the sum of $75,000.00, exclusive of interest and costs. As is proper under Louisiana law, the petition does not specify

---

[18] *Carver v. Wal-Mart Stores, Inc.*, 2008 WL 2050987, at *2 (M.D. La. 5/13/2008).
[19] Exhibit "C," March 7, 2021 Demand Letter.

an amount of damages sought. However, Plaintiff claims that his damages exceed $75,000.00 as per his pre-suit demand of $200,000.[20]

13.

This is a civil action over which the United States District Court for the Eastern District of Louisiana has concurrent original jurisdiction under the provisions of 28 U.S.C. § 1332, *et seq.*, as the amount in controversy exceeds $75,000.00, exclusive of interest and costs and complete diversity exists between all adverse and properly joined parties.

14.

The Thirty-Fourth Judicial District Court for the Parish of St. Bernard, State of Louisiana, is located within the Eastern District of Louisiana pursuant to 28 U.S.C. § 98(a). Therefore, venue is proper in accordance with 28 U.S.C. § 1441(a) because it is the "district and division embracing the place where such action is pending."

15.

Defendant prays for a jury trial on all issues.

**WHEREFORE**, removing Defendant, DG Louisiana, LLC, prays that the above action now pending in the Thirty Fourth Judicial District Court for the Parish of St. Bernard, State of Louisiana, be removed therefrom to this Honorable Court. DG Louisiana, LLC additionally prays for a jury trial on all issues.

---

[20] Exhibit "B," February 21, 2021 Demand Letter.

**Respectfully submitted,**

   */s/ Max C. Hadley*
TREVOR C. DAVIES (#32846)
SHANNON O. HARRISON (#26163)
MAX C. HADLEY (#38764)
**WANEK KIRSCH DAVIES LLC**
1340 Poydras Street, Suite 2000
New Orleans, LA 70112
Telephone: (504) 324-6493
Facsimile: (504) 324-6626
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing pleading has been served upon all counsel of record via the Court's CM/ECF electronic filing system this 9th day of April, 2021.

   */s/ Max. C. Hadley*